IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC,

      Plaintiff,                                           05cv1424

  v.

VICKI NAGLE AND JEFFREY ALLEN JABLONSKI

      Defendants.

## Memorandum Opinion

*Pro se* defendants, Vicki Nagle and Jeffrey Allen Jablonski, filed a notice of removal from the state court of Pennsylvania where an action in ejectment was previously pending. In their notice of removal, defendants allege that plaintiff has no legal right to title or possession of defendants' property, that Judge Friedman, and the "United States Superior and Supreme Court" committed "fraud in law," and that plaintiff committed "fraud in fact." It appears from the notice of removal that defendants seek an order denying the action in ejectment.

Currently pending before this Court is defendants' motion for leave to proceed In Forma Pauperis (IFP). Although this Court will grant defendants' motion for IFP, this Court will *sua sponte* dismiss this case because the factual allegations in the notice of removal amount to nothing more than a collateral attack on the state court judgments. This "Cause of Action" therefore raises insurmountable *Rooker-Feldman* hurdles. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction that this Court is not free to ignore. *Gulla v. North Strabane Township*, 146 F.3d 168, 170-71 (3d Cir.

1998). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain [federal] claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the state level decision need not be of its highest court, and the *Rooker-Feldman* doctrine applies equally to final decisions of lower state courts. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 364 F.3d 102, 104 (3d Cir. 2004), *citing FOCUS*, 75 F.3d at 840.

Given the liberality with which federal courts construe *pro se* complaints, this Court would ordinarily give defendants an opportunity to show cause why this action should not be dismissed for want of subject matter jurisdiction. However, defendants' affirmative averments demonstrate that, even if the complaint could be read to sustain a federal question or diversity of citizenship jurisdiction, their cause of action is a "spin-off" of a state court action, that it suffers a fatal *Rooker-Feldman* defect, and that it must, therefore, be dismissed with prejudice.

Furthermore, 28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28

U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)[1]) was clarified by the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327.

Accordingly, given that this Court lacks subject matter jurisdiction, this Court will *sua sponte* dismiss this action as frivolous under 28 U.S.C. §1915. An appropriate order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All counsel of record as listed below

Vickie Nagle, Pro Se  
Jeffrey Jablonski, Pro Se  
518 Seventh Avenue  
Carnegie, PA 15106

Christopher Deegan  
Weber, Gallagher, Simpson, Stapleton  
Fires & Newby  
603 Stanwix Street  
Suite 1450, 14th Floor  
Pittsburgh, PA 15222

Terrence McCabe  
McCabe, Weisburg & Conway  
123 Suite 2080  
Philadelphia, PA 19109

---

[1] Although much of the language in the current in forma pauperis statute, 28 U.S.C. § 1915, deals with prisoners, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 .(M.D.PA. 1997).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC,

      Plaintiff,                               05cv1424

  v.

VICKI NAGLE AND JEFFREY ALLEN JABLONSKI

      Defendants.

### Order of Court

**AND NOW, this 13th day of October, 2005**, for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that this defendants' motion for leave to proceed in forma pauperis (doc. no. 1) is **GRANTED** and that this action is **DISMISSED** with prejudice.

The Clerk of Court is directed to mark this case closed.

                                                s/Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:    All counsel of record as listed below

Vickie Nagle, Pro Se
Jeffrey Jablonski, Pro Se
518 Seventh Avenue
Carnegie, PA 15106

Christopher Deegan
Weber, Gallagher, Simpson, Stapleton
Fires & Newby
603 Stanwix Street
Suite 1450, 14th Floor
Pittsburgh, PA 15222

Terrence McCabe
McCabe, Weisburg & Conway
123 Suite 2080
Philadelphia, PA 19109